**Juan De Dios RODRIGUEZ–
DURAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–70724.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2007 *.

Filed March 14, 2007.

David B. Landry, Esq., Law Office of David B. Landry, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Coun-

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

sel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

### MEMORANDUM **

Juan De Dios Rodriguez–Duran petitions for review of the Board of Immigration Appeals' affirmance without opinion of the Immigration Judge's denial of his request for cancellation of removal due to his 1992 aggravated felony conviction under California Penal Code section 288(a). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

The doctrine of res judicata does not preclude the IJ from considering Rodriguez's 1992 conviction for violating California Penal Code section 288(a). Rodriguez contends that the government unsuccessfully attempted to remove him in 1992 based on the same conviction and the termination of those proceedings in his favor is a final judgment barring relitigation of the conviction now. Rodriguez mischaracterizes the 1992 proceedings. There, the Order to Show Cause (OSC) charged him with deportability under former INA § 241(a)(1)(B), 8 U.S.C. § 1251(a)(1)(B), as an alien who entered the United States without inspection. Although the OSC recited the 1992 conviction, it was not charged as a basis for deportation, as prior counsel recognized in Rodriguez's unopposed Motion to Terminate proceedings, which was granted. Here, Rodriguez was charged with removability under INA § 212(a)(6)(E)(i), 8

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1182(a)(6)(E)(i), for attempting to smuggle two undocumented aliens, a charge Rodriguez conceded, but from which he sought relief under INA § 240A(a), 8 U.S.C. § 1229b(a). Because the claims in the two proceedings are different, the government is not barred from asserting the 1992 conviction as a predicate aggravated felony here. *See Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Rodriguez alternatively asserts that the principle of collateral estoppel precludes the IJ from considering his 1992 conviction. We lack jurisdiction to consider this argument because Rodriguez failed to exhaust his administrative remedies by first presenting it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

**Petition DENIED.**